IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeraldine Bacote,<br><br>                      Plaintiff,<br><br>vs.<br><br>Agape Community Hospice of the<br>Pee Dee, Inc.,<br><br>                      Defendant. | Civil Action No.: 4:13-1516-BHH<br><br>**ORDER AND OPINION** |

On June 4, 2013, the plaintiff Jeraldine Bacote ("the plaintiff") filed this action against Agape Community Hospice of the Pee Dee, Inc. ("the defendant"), alleging claims against her former employer for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters. The magistrate judge prepared a thorough Report and Recommendation which recommends that the defendant's motion for summary judgment as to the plaintiff's Title VII claims be denied. (ECF No. 59.) The defendant filed timely objections to the Report and Recommendation (ECF No. 63) and the plaintiff filed a reply (ECF No. 64). For the reasons set forth herein, the Court adopts the Report and Recommendation.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant

part.  The plaintiff filed this matter on June 4, 2013, alleging race discrimination and retaliation related to her employment.  (ECF No. 1.)   On May 14, 2014, the defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 39.)  After consideration of the response filed in opposition to the motion for summary judgment (ECF No. 44) and the defendant's reply (ECF No. 47), the magistrate judge issued a Report and Recommendation recommending that this case proceed on and that the defendant's motion for summary judgment be denied.  (ECF No. 59.)

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or may recommit the matter to the magistrate judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The defendant has objected to the magistrate judge's recommendation that 1) the plaintiff has produced evidence that she was treated differently than a similarly situated employee outside of the plaintiff's protected class and 2) the plaintiff has created issues of fact concerning whether or not the defendant's legitimate non-discriminatory reason for termination was actually pretextual. (ECF No. 63.) The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report

of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The Court has considered the defendant's various objections *de novo* and finds them insufficient to reject the recommendations of the magistrate judge. The undersigned is comfortable with the magistrate judge's analysis concerning the presence of a relevant comparator and is unconcerned with the lack of evidence of that individual's race. The defendant is welcome, at any time, to extinguish issues of fact about it. The variance in the quality of the relative infractions between that comparator and the plaintiff, while not so wide as to justify summary judgment, may yet be different enough for a jury to reject the implication that any disparate treatment occurred. The defendant will have such ammunition. But, the Court cannot decide it.

Concerning pretext, and as the plaintiff rebuts, it is the entire cloud of suspicion around the defendant's rationale for the termination, and not the discreditation of one of the particular bases, that the magistrate judge found casts a shadow of falsity throughout. This is sufficient. *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 146-47 (2000)).

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the undersigned adopts the Report and Recommendation and incorporates it herein by specific reference to the extent consistent.

It is, therefore, ORDERED that the defendant's Motion for Summary Judgment (ECF No. 39) is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks  
United States District Judge

Greenville, South Carolina  
March 17, 2015